IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00653-MSK-MEH

PATRICIA PEREZ, an individual, on behalf of herself and others similarly situated,

      Plaintiff,

v.

PINON MANAGEMENT, INC.,
PONDEROSA CARE COMMUNITIES A LLC,
NORTH STAR COMMUNITY, and
DOES 1 through 10,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      The Parties, through their respective counsel, have jointly moved the Court to enter an order approving this Stipulation (hereafter the "Stipulated Protective Order") and adopting it as an Order of the Court, and as grounds therefore, show the Court the following:

      During the course of this wage and hour litigation involving nurses, the parties expect to produce or disclose information, documents and other tangible things that are confidential in nature, including, but not limited to, personal identifying information of the plaintiff and of non-parties including social security numbers, employment records of the parties and of non-parties with confidential non-public information about wages and income, health and/or medical records of non-parties, and other confidential or proprietary non-public business or personal information. The parties hereby agree to the entry of the attached protective order regarding this information, consistent with the provisions of Fed. R. Civ. P. 26(c).

      Pursuant to Rule 26(c), Fed. R. Civ. P., the Parties accordingly stipulate and agree that this

Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions and any other information produced, given or exchanged by and among the parties and non-parties to this action.

1.     For the purposes of this Stipulated Protective Order, the following definitions shall apply:

a.     "Discovery Material" shall mean all documents within the meaning of Rule 34, Fed. R. Civ. P.; deposition transcripts; deposition exhibits; responses to discovery requests, including responses to interrogatories, document requests and requests for admissions; and any information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

b.     "Producing Party" shall mean any party or non-party to this action producing Discovery Material.

c.     "Designating Party" shall mean any Producing Party who has designated Discovery Material as "Confidential."

d.     "Receiving Party" shall mean any party to whom Discovery Material has been produced in this litigation.

e.     "Confidential Discovery Material" shall mean any Discovery Material designated as "Confidential" hereunder.

f.     "Protectable Information" shall mean any information subject to protection under Rule 26(c), Fed. R. Civ. P.

2.     Protectable Information may be produced without waiver of any privilege or immunity from discovery, disclosure or inspection that might be attached provided such information is disclosed pursuant to the procedures set forth herein.

3.       Any Producing Party's counsel may designate any Discovery Material it produces as "Confidential" under the terms of this Stipulated Protective Order if such counsel in good faith believes that such Discovery Material constitutes, reflects or discloses its confidential and proprietary information, including (i) financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data, (ii) non-public private information relating to individuals, such as employee names, social security numbers, home addresses and/or telephone numbers, and (iii) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  To the extent practicable, Confidential material shall be produced in redacted form to minimize the need for additional redactions or special treatment (such as filing under restricted access) during the litigation.  If necessary, Confidential material may also be required to be produced without redaction.

4.       The designation of Discovery Material as "Confidential" for purposes of this Stipulated Protective Order shall be made in the following manner:

a.       In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping on or affixing to the same the legend "Confidential" or a substantially similar legend.

b.       In the case of depositions or pretrial testimony:

(i)       by a statement on the record, by counsel, at the time of such disclosure that said deposition or pre-trial testimony or any portion thereof, is Confidential; or

(ii)      by written notice, sent by counsel to counsel for the other parties, after receipt by the Designating Party of a signed transcript of such deposition or pre-trial testimony, that said testimony is Confidential.

In both instances counsel shall direct the court reporter or counsel to affix the appropriate confidentiality legend to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

c.      In the case of any other production of Discovery Material not otherwise covered by this paragraph 4, by a written statement made by counsel of the Designating Party to counsel for the other parties to this action that such Discovery Material or any portion thereof is "Confidential".

d.      Initial failure to designate material as "Confidential" by oral or written notice shall not, in itself, be deemed a waiver of any claim of confidentiality as to such material, and the same may thereafter be corrected by supplemental written notice.

5.      Confidential Discovery Material shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

6.      Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.      The Court, persons employed by the Court and stenographers transcribing the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

b.      Outside counsel to any named party, including such counsel's direct employees and any independent legal, paralegal and secretarial staff employed or retained by such counsel, including outside copying services;

c.      Individuals serving as mediators with regard to these proceedings, provided that they sign an Undertaking substantially in the form of Exhibit A agreeing to be bound by the terms of this Stipulated Protective Order;

d.      The parties, and their current or former employees;

e.      An author or recipient of the Confidential Discovery Material, or someone mentioned in it;

f.      Deposition witnesses questioned by counsel of record for a party in connection with this action;

g.      Potential witnesses, experts or consultants retained by a party, not subject to any other provision above, subject to the provisions of paragraph 7.

7.      Notwithstanding anything contained in paragraph 6, Confidential Discovery Material may be disclosed to any potential witness, expert or consultant retained by counsel in connection with this action only to the extent necessary for such potential witness, expert or consultant to assist counsel in the prosecution or defense of this action. Before receiving any Confidential Discovery Material, such potential witness, consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit A, thereby agreeing in writing to be bound by the terms and conditions of this Stipulated Protective Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulated Protective Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than permitted hereunder. Upon entry of a final judgment and resolution of all appeals, or upon execution of a settlement agreement resolving all claims asserted in this litigation, and within 20 days of receipt of a written request for the same from counsel of record for the Producing Party, counsel who has disclosed or otherwise provided Confidential Discovery Material to a potential witness, expert or consultant shall deliver a copy of the Undertaking signed by such  expert or consultant to counsel of record for the Producing Party.

8.      No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in the subsections of paragraph 6 above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes

permitted hereunder.

9.      Before any party submits documents, including motions, briefs, and exhibits, containing Confidential Discovery Material to the Court, that party shall first determine whether it is feasible to redact as appropriate personal identifying information such as social security numbers and full names of non-party individuals with privacy interests so that the individual cannot be identified on basis of the exhibit itself, and other Confidential information to the extent feasible so that it is not necessary to file the material under restricted access.  If the presence of Confidential Discovery Material cannot be redacted sufficiently to avoid filing it under restricted access, the filing party shall request that the submissions, or portions thereof, be filed under restricted access in accordance with Local Rule 7.2, including a motion to restrict access setting forth the requirements of Local Rule 7.2.B.1.-5.  The non-filing party may also file a motion to restrict access if the filing party fails to do so.  The parties shall attempt to agree on whether particular material must be filed with a motion to restrict access before it is filed. To the extent that Court Rules governing the E-filing of documents modify the procedures for filing Confidential Discovery Material under restricted access, the parties shall follow such rules. All such materials so filed shall be released from confidential treatment only upon further order of the Court.

10.     If any Receiving Party objects to the designation of any Discovery Materials as Confidential Discovery Materials hereunder, that party shall notify the Designating Party in writing of the objection.  The parties shall then attempt to resolve the dispute in good faith on an informal basis. If the parties are unable to resolve the dispute within ten (10) business days following receipt of the written objection to the designation, the Designating Party shall have the burden to file a motion seeking a determination whether the challenged Confidential Discovery Materials should be subject to this Stipulated Protective Order.  If the Designating Party fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as Confidential Discovery Material and shall not thereafter be treated as Confidential Discovery Material in accordance with this Stipulated Protective Order.  If such a motion is made, and until the Court rules on such motion, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Stipulated Protective Order.  In any proceeding regarding a challenge to the designation of Discovery Material as Confidential Discovery Material, the burden shall be on the Designating Party to establish good cause that the material is entitled to protection under Rule 26(c), Fed. R. Civ. P.  A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

11.     The restrictions set forth in this Stipulated Protective Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

12.     In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings including, but not limited to, redacting information or requesting the Court to hear counsel with respect to such information in camera.  The use of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of any documents, information or transcripts.

13.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, has executed this Stipulated Protective Order and provided a copy of same to all other counsel in this action. Irrespective of the

foregoing, any individual who elects to "opt-into" this action shall be automatically bound by this Stipulated Protective Order and, consequently, need not execute this Stipulated Protective Order prior to receiving Confidential Discovery Material.

14.     Entering into or agreeing to this Stipulated Protective Order, and/or producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Stipulated Protective Order shall not:

a.      Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, undue burden, cost, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

b.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Stipulated Protective Order;

c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information;

d.      Prevent the parties to this Stipulated Protective Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery material;

e.      Prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material, or seeking to prevent Confidential Discovery Material from being provided to persons described in paragraph 6 of this Stipulated Protective Order; or

f.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material as Confidential Discovery Material.  Nothing in this Stipulated Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

15.     Within sixty (60) business days after the final resolution of this action, a Receiving Party shall return all Confidential Discovery Material to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Discovery Material, so long as they are clearly marked to reflect that they contain information subject to this Order.

16.     This Stipulated Protective Order is binding on all parties to this action and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.  This Stipulated Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Stipulated Protective Order, subject to the approval of the Court.

17.     This Stipulated Protective Order is executed by Plaintiff, and Defendants, by and through its attorneys, who sign on behalf of themselves and their law firms.  Each party or attorney executing this Stipulated Protective Order on behalf of a party or counsel of record warrants that the party or attorney is duly authorized by such party or counsel to do so.  This Stipulated Protective Order may be executed in two or more counterparts, each of which will be an original and all of which together will constitute but one Stipulation.  This Stipulation may be entered into by signatures on facsimile

copies of this Joint and Stipulated Protective Order.

Dated and entered at Denver, Colorado, this 25th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge


APPROVED AS TO FORM:

| | |
|---|---|
| s/ Gerald D. Wells, III | s/ Matthew M. Morrison |
| Richard P. Barkley | Patrick R. Scully |
| Barkley Martinez, P.C. | Andrew W. Volin |
| 720 S. Colorado Boulevard, Suite 530-S | Matthew M. Morrison |
| Denver, CO  80246 | SHERMAN & HOWARD L.L.C. |
| Telephone:  (303) 597-4000 | 633 Seventeenth Street, Suite 3000 |
| Facsimile:   (303) 597-4001 | Denver, CO  80202 |
| barkley@barmarlaw.com | Telephone:  (303) 297-2900 |
| | Facsimile:  (303) 298-0940 |
| Gerald D. Wells, III | pscully@shermanhoward.com |
| Faruqi & Faruqi, L.L.P. | avolin@shermanhoward.com |
| 101 Greenwood Avenue, Suite 600 | mmorrison@shermanhoward.com |
| Jenkintown, PA  19046 | |
| Telephone:  (215) 277-5770 | |
| Facsimile:   (215) 277-5771 | |
| jwells@faruqilaw.com | |