IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00653-MSK-MEH

PATRICIA PEREZ, an individual, on behalf of herself and others similarly situated,

Plaintiff,

v.

PINON MANAGEMENT, INC., PONDEROSA CARE COMMUNITIES A LLC, NORTH STAR COMMUNITY, and DOES 1 through 10,

Defendants.

---

**JOINT MOTION FOR TEMPORARY STAY OF**
***"PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE PURSUANT TO SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT AND INCORPORATED MEMORANDUM OF LAW"***
**PENDING RULING ON**
***DEFENDANTS' MOTION FOR SUMMARY JUDGMENT***
**AND TOLLING OF FLSA STATUTE OF LIMITATIONS FOR PUTATIVE COLLECTIVE CLASS MEMBERS UNTILTHE STAY IS LIFTED**

---

COME NOW the parties, Plaintiff Patricia Perez and Defendants Pinon Management, Inc. ("Pinon") and Ponderosa Care Communities A LLC, d/b/a North Star Community ("North Star"), and respectfully request the Court enter a temporary stay of Plaintiff's Motion For Conditional Certification And Judicial Notice Pursuant To Section 216(B) Of The Fair Labor Standards Act And Incorporated Memorandum Of Law [#38] ("Motion for Conditional Certification"), including further briefing on that Motion, pending the Court's ruling on the Defendants' Motion for Summary Judgment [#41], with further briefing on Plaintiff's Motion for

Conditional Certification to take place, if necessary, 30 days after the date of the Court's orders on Defendants' Motion. The stay shall expire upon the earlier of Defendants' filing a responsive brief to Plaintiff's Motion for Conditional Certification or 30 days after the Court's ruling on Defendants' Motion. The parties further request the Court toll the FLSA claims of putative collective class members until the stay is lifted. As grounds therefore, the parties state:

1. In this case, Plaintiff, a former Registered Nurse ("RN") who worked as a Night Shift House Supervisor at North Star, claims she performed compensable work during unpaid meal breaks, resulting in FLSA overtime violations and common law claims under Colorado law. See First Amended Complaint [#16]. Following an eight month discovery period, she recently filed Plaintiff's Motion For Conditional Certification. In that Motion, Plaintiff seeks to certify a collective action under the FLSA of all RNs in all positions and all shifts nationwide who were employed by Defendants and who allegedly performed work during unpaid meal breaks.

2. Plaintiff's Motion for Conditional Certification is almost 30 pages in length, and is supported by numerous and voluminous exhibits over an inch thick. [#38-1 through #38-19]. The Court recently referred Plaintiff's Motion for Conditional Certification to Magistrate Judge Hegarty [#39]. By order dated November 19, 2012, Defendants' response to this motion is currently due by February 25, 2013. [#37]. As set forth below, Defendants' Response to Plaintiff's Motion, and the Court's ruling, will require significant time and effort, including extensive factual and legal analysis of meal break policies and practices at multiple nursing facilities and involving RNs at multiple job positions and shifts. See para. 7(b), 7(d), 8, infra.

3. Defendants filed a Motion to Dismiss in May 2012. Discovery has proceeded while that Motion has been pending. One of the issues that is the subject of the Motion to

Dismiss is the subject of a case pending before the Supreme Court. *Genesis HealthCare Corp. v. Symczyk*, 133 S. Ct. 26 (2012). Defendants recently filed a Notice of Supplemental Authority [#40].

4. Defendants recently filed a Motion for Summary Judgment [#41]. In that Motion, Defendants argue that Plaintiff's FLSA claims fail for a number of reasons.

5. This Court recently held that concerns for judicial economy, and the interests of the parties and the public, justify resolving dispositive motions prior to motions for conditional certification under the FLSA. Ellis v. J.R.'s Country Stores, Inc., 2012 U.S. Dist. LEXIS 175257 (D. Colo. Dec. 11, 2012) (Arguello, J.). In that case, the plaintiff filed a motion for conditional certification, and the defendant filed a motion for summary judgment. The defendant filed a motion seeking a stay of consideration of the motion for conditional certification until the court ruled on its dispositive motion, while the plaintiff asked the court to defer ruling on the motion for summary judgment. The Court first noted its ability to control its docket with economy of time and effort for itself, counsel, and litigants. Id. at *3. It listed the following factors to consider: (1) whether the motion for summary judgment was likely to prevail; (2) whether, absent a stay, the defendants would suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to other parties; and (4) the public interests at stake. Id. at * 3. It noted that the motion for summary judgment appeared to counter all of the plaintiff's arguments, and that if it were successful, it would preclude the conditional certification issue, as the plaintiff could not be considered "similarly situated" to the proposed class if she herself did not have a valid claim. Id. at *4-5. The defendants made a showing of harm based on the work that would be required to respond to the motion for conditional certification, and of conducting potentially

unnecessary discovery of putative opt-in plaintiffs. Id. at *5-6. There was no injury to the plaintiff from granting a stay, as she would also be spared the expense of conducting additional discovery, and her damages were already established. Id. at *6-7. Finally, the public interest would be served by first ruling on the dispositive motion, because there is a public interest in efficient judicial resolution, and avoiding wasteful efforts (in ruling on the motion for conditional certification) by the court serves that interest. Id. at *8-9.

6.  This Court's decision in Ellis is consistent with other decisions by this Court, and other district courts in the Tenth Circuit, staying proceedings in class action type cases pending resolution of matters that could be dispositive. See Edwards v. Zenimax Media, Inc., 2012 U.S. Dist. LEXIS 68816 (D. Colo. 2012); Chieftain Royalty Co. v. SM Energy Co., 2012 WL 5462852 (W.D. Okla. 2012).

7.  This Court's analysis in Ellis should be applied to reach the same result here.

   a.  As in Ellis, here the Defendants' dispositive motion presents arguments on multiple grounds. If successful on any of those grounds, Plaintiff's Motion for Conditional Certification would be moot.

   b.  As in Ellis, the Defendants here would be harmed if a stay is denied. Responding to Plaintiff's Motion for Conditional Certification will require extensive work, involving presentation and legal analysis of the meal break policies and practices represented by the nationwide scope of Plaintiff's Motion for Conditional Certification, and the multiple positions and shifts worked by RNs in various facilities. If it is granted, extensive discovery would follow that might be unnecessary in whole or in part, depending on how the Court rules on Defendants' motion.

    c. As in Ellis, Plaintiff here would not be prejudiced by any delay from the Court first ruling on the dispositive motion.  A stay would also conserve her resources, both in finalizing the briefing of Plaintiff's Motion for Conditional Certification, and in conducting additional discovery, if her motion were to be granted in any respect.

    d. Finally, the public interest in efficient functioning of the judicial system would also be furthered by the "eminently logical" approach of ruling on the dispositive motions prior to the Plaintiff's Motion. Ellis, supra, at *4 (internal citations omitted).  Cf., Rule 1 (calling for just, speedy, and inexpensive determinations).  If the Court grants Defendants' motion, Plaintiff's Motion for Conditional Certification would be moot.

  8. If the Court denies Defendants' Motion, or rules in a way that permits any aspect of Plaintiff's Motion to proceed, Defendants respectfully request that they be given thirty days from the date of the Court's relevant orders in which to submit a response.  This 30-day period is consistent with the time period set forth in the amended scheduling order [#37], and is justified in light of the extensive factual and legal analysis that might be required for such a response, the scope of which would depend on the Court's orders.

  9. Defendants have not delayed the proceedings in this case generally, or with respect to this motion. Defendants promptly filed their Motion to Dismiss in May, 2012, over nine months ago.  Defendants have not sought any extensions of time in this case. Plaintiff was not available for deposition until January of this year.  Defendants promptly prepared and submitted their Motion for Summary Judgment following analysis of Plaintiff's deposition testimony.

10. As required by Local Rule 7.1A, counsel for Defendants conferred with Plaintiff's counsel about this Motion. Plaintiff's counsel has indicated that Plaintiff does not oppose this Motion for a temporary stay, provided that the applicable statute of limitations are tolled for putative collective class members until the temporary stay requested by this Motion is lifted. Defendants have agreed that they do not and will not oppose such tolling. It particular, the parties agree the tolling should be as follows:

> The parties agree that for any particular potential collective action class member the statute of limitations, or any other deadlines applicable to any and all causes of action or claims currently at issue in the above captioned lawsuit, shall be tolled from the date this motion is filed until the stay is lifted. The stay shall expire upon the earlier of Defendants' filing a responsive brief to Plaintiff's Motion for Conditional Certification or 30 days after the Court's ruling on Defendants' Motion for Summary Judgment.

11. As required by Local Rule 6.1D, Defendants state that they have not sought any prior extensions of time to respond to Plaintiff's Motion for Conditional Certification.

12. As required by Local Rule 6.1E, a copy of this motion has been served upon the parties.

WHEREFORE, for the reasons set forth above, the parties respectfully request that the Court enter an order imposing a temporary stay of Plaintiff's Motion for Conditional Certification, until after the Court rules on Defendants' pending dispositive motion, that Defendants be given a 30 day period following the Court's order in which to submit any response to Plaintiff's Motion for Conditional Certification that might be required as a result of the Court's order, and that the Court enter an order tolling the claims of putative collective class members from the date this motion is filed until the stay is lifted.

Dated this 25th day of February, 2013.

Respectfully submitted,

s/ Gerald D. Wells III
Gerald D. Wells III
Robert J. Gray
Faruqi & Faruqi, L.L.P.
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
jwells@faruqilaw.com
rgray@faruquilaw.com

Richard P. Barkley
Barkley Martinez, P.C.
720 S. Colorado Boulevard, Suite 530-S
Denver, CO 80246
Telephone: (303) 597-4000
Facsimile: (303) 597-4001
barkley@barmarlaw.com

s/ Matthew M. Morrison
Patrick R. Scully
Andrew W. Volin
Matthew M. Morrison
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
pscully@shermanhoward.com
avolin@shermanhoward.com
mmorrison@shermanhoward.com

**CERTIFICATE OF SERVICE**

I hereby certify on this 25th day of February, 2013, I electronically filed the foregoing **JOINT MOTION FOR TEMPORARY STAY OF *"PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE PURSUANT TO SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT AND INCORPORATED MEMORANDUM OF LAW"* PENDING RULING ON *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* AND TOLLING OF FLSA STATUTE OF LIMITATIONS FOR PUTATIVE COLLECTIVE CLASS MEMBERS UNTIL THE STAY IS LIFTED** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Gerald D. Wells III
Faruqi & Faruqi, L.L.P.
jwells@faruqilaw.com

Richard P. Barkley, Esq.
Barkley Martinez, P.C.
barkley@barmarlaw.com

And copies were placed in the U.S. Mail addressed to each of the following:

Patricia Perez
426 Corona Street
Denver, CO 80218-3915

Sarah Bogucki, PHR
HR Coordinator
Pinon Management
12136 W. Bayaud Avenue, Suite 200
Lakewood, CO 80228

Marcia Brenowitz NHA
North Star Rehabilitation and Care Community
3185 W. Arkansas Avenue
Denver, CO 80219

s/ Lynn Zola Howell