IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00653-MSK-MEH

PATRICIA PEREZ, an individual, on behalf of herself and others similarly situated,

      Plaintiff,

v.

PINON MANAGEMENT, INC.,
PONDEROSA CARE COMMUNITIES A LLC,
NORTH STAR COMMUNITY, and
DOES 1 through 10,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court are Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act and Incorporated Memorandum of Law [filed January 24, 2013; docket #38] (hereinafter the "Motion for Certification") and a Joint Motion for Temporary Stay of "Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act and Incorporated Memorandum of Law" Pending Ruling on Defendants' Motion for Summary Judgment and Tolling of FLSA Statute of Limitations for Putative Collective Class Members Until the Stay is Lifted [filed February 25, 2013; docket #42] (hereinafter the "Motion to Stay").  Chief Judge Krieger has referred both Motions to this Court, as well as the aforementioned Motion for Summary Judgment.  (*See* dockets ##39, 43.) For the reasons that follow, the Motion for Certification [docket #38] is **denied without prejudice** as premature and the Motion to Stay [docket #42] is **granted in part** and **denied in part** as stated herein.

## I.      Background

Plaintiff filed her Class and Collective Action Complaint under the Fair Labor Standards Act on March 14, 2012, on behalf of herself and others similarly situated.  (Docket #1.)  In response, Defendants moved for dismissal.  (Docket #11.)  Within the time period provided by Fed. R. Civ. P. 15(a)(1)(B), Plaintiff filed her First Amended Class and Collective Action Complaint (the "First Amended Complaint") on April 30, 2012, thereby mooting Defendants' motion.  (*See* docket #17.) Defendants renewed their Motion to Dismiss on May 7, 2012, seeking to dismiss the First Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Docket #19.) Defendants' Motion to Dismiss remains pending before Chief Judge Krieger.

On June 13, 2012, the Court entered a Scheduling Order establishing the Phase I discovery schedule.  At Plaintiff's request, the Court amended the discovery schedule on November 19, 2012, by extending the deadline for Plaintiff's motion for conditional certification through and including January 24, 2013, and modifying the briefing schedule accordingly.  (Docket #37.)  Plaintiff complied with the revised deadline and filed the pending Motion for Certification on January 24, 2013.  On the deadline for their response brief, Defendants filed a Motion for Summary Judgment, which, if granted, would eliminate all claims in this lawsuit and render Plaintiff's Motion for Certification moot. (Docket #41.)  Chief Judge Krieger referred the Motion for Summary Judgment to this Court for recommendation.  (Docket #43.)

Recognizing the effect of summary judgment, the parties filed the pending Motion to Stay on November 25, 2013.  Specifically, the parties ask the Court to impose a temporary stay of Plaintiff's Motion for Certification, including briefing, until the District Court resolves the pending dispositive motions.  If claims remain, Defendants ask the Court for an additional 30 days within which to respond to Plaintiff's Motion for Certification.  In the interest of preserving the claims of

putative class members, Plaintiff requests an order tolling the statute of limitations pertaining thereto.  (Docket #42.)

## II.   Discussion

The Court's discretion to stay proceedings arises from its inherent power "to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ellis v. J.R.'s Country Stores, Inc.*, No. 12-c-v-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012).  The parties rely on *Ellis* substantially for the proposition that deferring judgment on a motion for certification during the pendency of a summary judgment motion preserves the parties' and the court's resources.  The Court agrees that efficiency and economy are best served by not reaching the issue of certification until the District Court has determined the validity of Plaintiff's claims. However, the procedural posture of the Motion to Stay differs from the motion presented in *Ellis* in two material ways.

First, the motion for summary judgment at issue in *Ellis* was not referred to the magistrate judge, meaning that the stay would not be prolonged during the objection phase required by a magistrate judge's recommendation.  In this case, Chief Judge Krieger has referred the Motion for Summary Judgment, which will likely precipitate an objection from at least one, if not both, parties. Briefing on the objections will require additional time, as will Chief Judge Krieger's review of those objections.  Thus, the Court anticipates that the Motion for Certification could remain pending for a considerably longer period than that contemplated in *Ellis*.

Second, the plaintiff at issue in *Ellis* asserted a single claim for relief on which the defendant sought summary judgment.  (*See* No. 12-cv-01916-CMA-KLM, docket #1.)  In this case, however, Plaintiff asserts three claims for relief.  (Docket #16 at 14-17.)  Though Defendants have moved for

dismissal and summary judgment on all of Plaintiff's claims, the District Court may decide that some, if not all, of the claims should go forward.  Given the present uncertainty regarding which claims will remain after Chief Judge Krieger resolves the Motion to Dismiss and Motion for Summary Judgment, the Court believes that the Motion for Certification is premature.

In order to avoid the extensive delay in resolving the Motion for Certification, which may itself require modification following Chief Judge Krieger's ruling on the dispositive motions, the Court determines it is best to deny the Motion for Certification without prejudice as premature.  The Court will amend the Phase I discovery schedule to extend the deadline to re-file the motion through and including June 3, 2013.  The Court would consider a motion to extend the deadline in the event the dispositive motions are not resolved by that time.

Recognizing Plaintiff's interest in preserving the claims of putative class members, the Court finds that any other deadlines applicable to any and all causes of action or claims currently at issue in this lawsuit should be tolled from the date of this order until the stay is lifted.  The stay will expire 30 days after Chief Judge Krieger issues a ruling on the Motion for Summary Judgment.

## III.    Conclusion

As described in this Order, Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act and Incorporated Memorandum of Law [filed January 24, 2013; docket #38] is **denied without prejudice** as premature and the Joint Motion for Temporary Stay of "Plaintiff's Motion for Conditional Certification and Judicial Notice Pursuant to Section 216(B) of the Fair Labor Standards Act and Incorporated Memorandum of Law" Pending Ruling on Defendants' Motion for Summary Judgment and Tolling of FLSA Statute of Limitations for Putative Collective Class Members Until the Stay is Lifted [filed February 25, 2013; docket #42] is **granted in part** and **denied in part** as stated herein.

Dated and entered at Denver, Colorado, this 1st day of March, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge