**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00653-RM-MEH

PATRICIA PEREZ, an individual, on behalf of herself and others similarly situated,

      Plaintiff,

v.

PINON MANAGEMENT, INC.,
PONDEROSA CARE COMMUNITIES A LLC d/b/a North Star Community,

      Defendants.

---

## ORDER

---

      This matter is before the Court on Magistrate Judge Hegarty's Recommendation ("Recommendation") (ECF No. 67), Plaintiff Patricia Perez's Objections to the Recommendation (ECF No. 68), as well as Defendants Pinon Management, Inc. ("Pinon") and Ponderosa Care Communities A LLC d/b/a/ North Start Community's ("North Star") Objection to the Recommendation (ECF No. 69).  Both the Recommendation and objections pertain to Defendants' motion for summary judgment (ECF No. 41) on Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2014) (ECF No. 16 ¶¶ 74-79).

      For the reasons stated below, the Court ADOPTS, in part, the Recommendation, OVERRULES, in Part, Plaintiff's objections, OVERRULES Defendants' objection, and GRANTS Defendants' motion for summary judgment.

## I.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.     Summary Judgment Standards

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569-70 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so

2

one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the non-moving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. In considering whether summary judgment is appropriate, the facts must be considered in a light most favorable to the non-moving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

If a movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in her complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact") (citation omitted).

Only admissible evidence may be considered when ruling on a motion for summary judgment. *Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

3

Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id*. The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). "[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and citation omitted). The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [her]." *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000). Further, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made." D.C. Colo. L. Civ. R. 7.1(e).

### C. Justiciability

The United States' Constitution Article III "restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)). Article III requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). To avail herself of a federal court's jurisdiction, Plaintiff must demonstrate "a legally cognizable interest" or a "personal stake" in the outcome of an action. *Symczyk*, 133 S. Ct. at 1528. This burden persists

4

throughout the life of a case. *Id.* "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit' at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (quoting *Lewis. v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

The United States Supreme Court has recognized two exceptions to the mootness rule. The first exception applies where a party's claims are "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). The second exception, known as the "voluntary cessation exception," allows courts to hear cases in which a defendant who has ceased the challenged activity during the litigation is likely to resume the activity once the litigation has concluded. *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953).

**D.     FLSA Claim**

"An employee who brings suit under Section 16(b) of the [FLSA] for . . . unpaid overtime compensation, together with liquidated damages, has the burden of proving that [she] performed work for which [she] was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as recognized in Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1286-87 (10th Cir. 2006); *accord Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1230 (10th Cir. 2012) (holding that "[t]o succeed on a claim for unpaid overtime, the plaintiff has the burden of proving that [she] performed work for which [she] was not properly compensated").

## II.    BACKGROUND

### A.    Procedural Background

No party objects to the Magistrate Judge's recitation of the case's procedural history.

Accordingly, the Court adopts and incorporates the procedural history included within the

Recommendation as if set forth herein.  (ECF No. 67 at 6-9.)

Briefly, Plaintiff's Amended Class and Collective Action Complaint ("Complaint") (ECF

No. 16) asserts three causes of action against Defendants:  (1) an FLSA overtime claim based

upon their "fail[ure] to ensure that employees were not performing work during their meal

breaks" (ECF No. 16 ¶¶ 76, 78); (2) a quantum meruit claim based upon their retaining the

benefits of Plaintiff's and others' services and not compensating them for such (ECF No. 16 ¶

83); and (3) an unjust enrichment claim based upon their retaining the benefits of Plaintiff's and

others' services and not compensating them for such (ECF No. 16 ¶ 88).

On May 8, 2012, Defendants filed a motion to dismiss Plaintiff's Complaint.  (ECF No.

19.)  With Defendants' reply in support of their motion to dismiss, Defendants filed a Rule 68

Offer of Judgment dated June 15, 2012.  (ECF No. 25-1.)

During the pendency of Defendants' motion to dismiss and pursuant to a scheduling

order (ECF No. 37), Plaintiff moved for a conditional certification of a class of employees and

notice to all similarly situated employees under Section 216(b) of the FLSA (ECF No. 38).

On February 25, 2013, Defendants filed a motion for summary judgment.  (ECF No. 41.)

On March 1, 2013, the Court, denied, without prejudice, Plaintiff's conditional

certification and notice motion (ECF No. 38).  (ECF No. 44.)

6

On March 19, 2013, the Court granted, in part, Defendants' motion to dismiss.  (ECF No. 48.)  The Court dismissed Plaintiff's quantum meruit and unjust enrichment claims.  (ECF No. 48 at 17-19.)  The Court denied Defendants' motion to dismiss as to Plaintiff's FLSA claim. (ECF No. 48 at 5-17.)

On July 1, 2013, the Magistrate Judge issued his Recommendation as to Defendants' summary judgment motion.  (ECF No. 67.)  Magistrate Judge Hegarty found in Defendants' favor on Plaintiff's remaining FLSA claim based upon (1) her claim's being moot due to Defendants' Rule 68 Offer of Judgment (ECF No. 67 at 11-27); and (2) her failure to establish a disputed material fact as to an essential element of her claim which is that she worked for more than forty (40) hours in a week for which she did not receive proper compensation (ECF No. 67 at 27-29).

Both parties filed objections to parts of the Recommendation.  (ECF Nos. 68, 69.) Plaintiff objects to both legal conclusions reached by the Magistrate Judge.  (ECF No. 68.) Defendants object to a single factual finding.  (ECF No. 69.)  Neither party filed an objection to the Magistrate Judge's characterization of Plaintiff's FLSA claim as that she did not receive proper compensation for time worked during her meal breaks (ECF No. 67 at 20-22).

### B.      Factual Background

The Recommendation sets forth Findings of Fact.  (ECF No. 67 at 2-6.)

Plaintiff's objection states that the Recommendation is predicated on "factual" errors. (ECF No. 68 at 2.)  Plaintiff, however, fails to state with specificity what those "factual errors" are.  (*See generally* ECF No. 68.)  Therefore, the Court, to the extent Plaintiff objects to the Magistrate Judge's factual findings, overrules Plaintiff's objections.

Defendants object to one factual finding in the Recommendation.  (ECF No. 69 at 1-4.) Defendants' objection concerns the Magistrate Judge's finding that "[f]or the first few months of Plaintiff's employment with North Star, North Star automatically deducted 30 minutes from [Plaintiff's] time records to account for an unpaid meal break during each shift" (ECF No. 69 at 2 (citing ECF No. 41-5 at 8-9, Perez Dep. at 40:11-41:23).)  The record reveals that Plaintiff testified there was an automatic deduction to her paycheck for a half hour lunch when she started.  (ECF No. 41-5 at 8-9, Perez Dep. at 40:11-41:23.)  Plaintiff testified that she believes that Defendants' policy changed from an automatic deduction to a time-clock or miss-punch form system by the second half of February, 2011.  (ECF No. 41-5 at 31-32, Perez Dep. at 130:3-134:9.)  Taking the facts in a light most favorable to the nonmovant, Plaintiff's testimony reveals that the earliest Defendants' system changed is mid-February 2011.  Therefore, the Court overrules Defendant's objection.  Defendants' argument, that this fact is not material, is noted by the Court.

For these reasons, the Court incorporates the Recommendation's Findings of Fact as if set forth herein.  (ECF No. 67 at 2-6.)

Briefly, the Court sets forth the pertinent factual findings.  Plaintiff worked as a registered nurse from February through part of August 2011 at North Star.  (ECF Nos. 41-5 at 8, 18, Perez Dep. at 38:2-18, 81:16-19; 41-9.)  North Star is a long-term residential care facility. (ECF No. 41-19 ¶ 2, Decl. of Maria Martinez.)  Pinon is a business providing management services to nursing homes.  (ECF No. 41-25 ¶ 4, Decl. of Sarah Bogucki.)

During Plaintiff's deposition, counsel for Defendants presented Plaintiff with her employment records and asked her to identify for each shift whether the records were accurate.

(ECF Nos. 41-5 at 19-32, Perez Dep. at 83:19-137:25; 41-6 at 1-18, Perez Dep. at 138:1-204:23.) For the vast majority of shifts, Plaintiff could "neither confirm nor deny" whether she worked more time than the records indicated.  (*Id*.)  Plaintiff disputed the records of shifts that she worked on February 16, 2011, and April 18, 2011.  (ECF Nos. 41-5 at 24, Perez Dep. at 104:8-105:23; 41-6 at 4, Perez Dep. at 146:2-25.)  Defendants' record for Plaintiff for the February 16, 2011 shift shows that she worked 8 hours and took a 30-minute meal break.  (ECF No. 41-10 at 2, Defs'. Payroll Summary for Perez.)  During her deposition, Plaintiff testified that she actually worked "at least 8.5 hours" that day.  (ECF No. 41-5 at 24, Perez Dep. at 104:8-105:23.)  According to Defendants' payroll records for Plaintiff, Plaintiff worked a total of 33.2 hours during the week of February 16, 2011.  (ECF No. 41-9 at 3, Defs'. Time Detail Reports for Perez.)  With respect to the April 18, 2011 shift, Defendants' record for Plaintiff reflects 12.75 hours of work and a 22-minute meal break.  (ECF No. 41-10 at 4, Defs'. Payroll Summary for Perez.)  During her deposition, Plaintiff denied the accuracy of this record.  (ECF No. 41-6 at 4, Perez Dep. at 146:2-25.)  Defendants' payroll records for Plaintiff show that she worked a total of 25.38 hours for the week of April 18, 2011.  (ECF No. 41-9 at 7, Defs'. Time Detail Reports for Perez.)

During Plaintiff's deposition, after the shift-by-shift inquiry regarding the accuracy of Defendants' employment records for Plaintiff, counsel for Defendants asked Plaintiff to provide a broader estimate of the alleged payment deficiency.  (ECF No. 41-6 at 21, Perez Dep. at 218:20-23.)  Plaintiff could not provide an estimate.  (*Id*.)  Plaintiff also has no records to determine how much time she believes she worked but for which she was not paid.  (ECF No. 41-6 at 21, Perez Dep. at 218:24-219:2.)

9

Plaintiff received overtime compensation at a rate of 1.5 times her regular-hourly rate for (1) all hours worked in excess of 12 per shift; and (2) all hours worked in excess of 40 per week. (ECF No. 41-14 ¶ 3, Decl. of Tracy Nickelson.)  Plaintiff failed to identify a single week in which she worked more than 40 hours and did not receive proper compensation.

Plaintiff declined Defendants' Rule 68 Offer of Judgment.  (ECF No. 41-6 at 25, Perez Dep. at 255:18-256:22.)

## III.   ANALYSIS

The Court has reviewed the Recommendation, objections to the Recommendation and a response, as well as the relevant motion and responses.  With respect to justiciability, the Court concludes that, although the Magistrate Judge analyzed the issue in great detail, the Recommendation is in error as to Defendants' Rule 68 Offer of Judgment mooting Plaintiff's FLSA claim.  With respect to the merits of Plaintiff's FLSA claim, the Court concludes that the Magistrate Judge correctly found that there is no disputed material fact as to an essential element of her claim, to wit, Plaintiff failed to demonstrate that she worked more than 40 hours in a given week for which she did not receive proper compensation.

### A.   Justiciability

The Magistrate Judge recommended summary judgment in Defendants' favor on Plaintiff's FLSA claim because Defendants' unaccepted Rule 68 Offer of Judgment moots her claim.  (ECF No. 67 at 11-27.)  The Magistrate Judge relied upon the Supreme Court's reasoning in *Symczyk*, 133 S. Ct. at 1529, and the Tenth Circuit Court of Appeal's reasoning in *Lucero v. Bureau of Collection Recovery*, 639 F.3d 1239 (10th Cir. 2011), to reach his conclusion that an unaccepted offer, which tenders complete relief, under Rule 68 of the Federal Rules of Civil

10

Procedure moots an individual's FLSA claim.  (ECF No. 67 at 17-18.)  The Magistrate Judge

then found that Defendants' Rule 68 Offer of Judgment satisfied Plaintiff's claim in full.  (ECF

No. 67 at 19-27.)  Plaintiff objects[1] to these holdings.  (ECF No. 68 at 4-13.)  Because the Court

finds that Defendants' unaccepted Rule 68 Offer of Judgment does not moot Plaintiff's FLSA

claim, the Court does not address whether the offer satisfied Plaintiff's claim in full.

In pertinent part, Rule 68 provides:

(a)  Making an offer; judgment on an unaccepted offer.  At least 14 days before
the date set for trail, a party defending against a claim may serve on an opposing
party an offer to allow judgment on specified terms, with the costs then accrued.
If, within 14 days after being served, the opposing party serves written notice
accepting the offer, either party may then file the offer and notice of acceptance,
plus proof of service.  The clerk must then enter judgment.

(b)  Unaccepted Offer.  An unaccepted offer is considered withdrawn, but it does
not preclude a later offer.  Evidence of an unaccepted offer is not admissible
except in a proceeding to determine costs.

* * * *

Fed. R. Civ. P. 68.

In *Symczyk*, the Supreme Court "granted certiorari to resolve whether [an FLSA claim on

behalf of a plaintiff and other similarly situated employees] is justiciable when the lone

plaintiff's individual claim becomes moot."  133 S. Ct. at 1526.  The Court "assume[d], without

deciding, that [the defendants'] Rule 68 offer mooted [plaintiff's] individual claim."  *Id*. at 1529.

Therefore, *Symczyk* is inapposite to the present matter because the present issue is whether

Defendants' Rule 68 offer moots Plaintiff's individual claim.  *Symczyk* did not answer the

---

[1] The Court holds that Plaintiff's "law of the case" argument (ECF No. 68 at 5-7) is without merit.  *See U.S. v. West*, 646 F.3d 745, 748 (10th Cir. 2011) (intervening decision by the Supreme Court justifies departure from "law of the case" doctrine).  The "law of the case" doctrine is only a rule of practice and not a limit on the Court's power.

predicate question the Court now faces:  did an unaccepted settlement offer moot Plaintiff's

individual FLSA claim.  *See Symczyk*, 133 S. Ct. at 1534 (Kagan, J., dissenting).

In *Lucero*, the Tenth Circuit decided "whether a *class-action* complaint must be

dismissed for mootness upon the tender of a Fed. R. Civ. P. 68 offer of judgment for the full

amount of the individual Plaintiff's monetary claim in the absence of undue delay in filing a

motion for class certification."  639 F.3d at 1240 (emphasis added).  The Tenth Circuit held that

in certain instances such an offer could moot a plaintiff's claim.  *Id*. at 1249-50.  The Tenth

Circuit did "not decide the impact of a Rule 68 offer of judgment made in a collective, or 'opt-in'

action."  *Id*. at 1250 (citations omitted).  Because a collective action under the FLSA is distinct

from a class action under Rule 23 of the Federal Rules of Civil Procedure, *Symczyk*, 133 S. Ct. at

1529, *Lucero* is not binding precedent on the Court in this matter.

"[A] case becomes moot only when it is impossible for a court to grant any effectual

relief whatever to the prevailing party."  *Symczyk*, 133 S. Ct. at 1533 (Kagan, J., dissenting)

(citing *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2012)).  By this measure, "an unaccepted offer

of judgment cannot moot a case."  *Id*.  Rule 68, by its own terms, "prohibits a court from

considering an unaccepted offer for any purpose other than allocating litigation costs—including

for the purpose of entering judgment for either party."  *Id.* at 1536 (Kagan, J., dissenting) (citing

Fed. R. Civ. P. 68(b)).  "The Rule provides no appropriate mechanism for a court to terminate a

lawsuit without the plaintiff's consent."  *Id*.

The Fifth Circuit Court of Appeals addressed the "question of when an employer can

moot a purported collective action under the [FLSA] by paying an employee's claim in full" and

when "no other plaintiffs have opted in to the collective action." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914-15 (5th Cir. 2008).  The Fifth Circuit, however, held that

> when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment.  If the court ultimately grants the motion to certify, then then Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot.

*Id*. at 920-21.  While reliance on *Sandoz* is superficially appealing, Defendants' reliance on *Sandoz* is misplaced because of the procedural history in this case.  Plaintiff, pursuant to the Court's scheduling order (ECF No. 37), filed a conditional motion for class certification and notice to those that would be able to "opt-in" to the collective action.  (ECF No. 38.)  The Court denied, without prejudice, this motion based upon the interests of judicial economy.  (ECF No. 44.)  Therefore, Plaintiff's motion for certification was (and any future motion would be) "without undue delay," and if it was, then her motion relates back to the filing of her initial complaint.  *See Sandoz*, 553 F.3d at 921.

Without binding precedent that an unaccepted Rule 68 offer of judgment moots an individual's collective-action claim, the Court shares the *Symczyk's* dissent's doubt that an unaccepted Rule 68 offer of judgment, even affording full relief, can operate to render an individual's claim moot.  *See Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 954-55 (9th Cir. 2013) (holding that an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is insufficient to render the claim moot); *see also Delgado v. Castellino Corp.*, Case No. 13-CV-03379-MSK-MJW, 2014 WL 4339232, at *4 (D. Colo. Sept. 2, 2014) (holding that,

under an FLSA collective action, an unaccepted Rule 68 offer of judgment does not moot a plaintiff's claim).

Therefore, the Court sustains Plaintiff's objection and rejects the Recommendation as to the justiciability of Plaintiff's FLSA claim.  The Court holds that Plaintiff's FLSA claim is not moot.

### B.    Merits of Plaintiff's FLSA Claim

The Magistrate Judge held that Plaintiff failed to demonstrate an essential element of her claim:  that she worked more than 40 hours in a specific week for which she did not receive adequate overtime compensation.  (ECF No. 67 at 27 (citing *Brown*, 700 F.3d at 1230).) Plaintiff objects to this holding.  (ECF No. 68 at 13-15.)

Under the Supreme Court's holding in *Mt. Clemens*, "[a]n employee who brings suit under Section 16(b) of the Act for . . . unpaid overtime compensation, together with liquidated damages, *has the burden of proving* that [s]he performed work for which [s]he was not properly compensated."  328 U.S. at 686-87 (emphasis added).  Plaintiff contests the accuracy of Defendants' payroll and time records.  (ECF No. 41-5 at 26-27, Perez Dep. at 112:1-114:8.)  And Plaintiff cannot offer convincing substitutes.  (ECF No. 41-6 at 21, Perez Dep. at 218:24-219:2.) Therefore, under *Mt. Clemens*, Plaintiff "has carried out [her] burden if [s]he proves that [s]he has *in fact performed work for which [s]he was improperly compensated* and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Mt. Clemens*, 328 U.S. at 687 (emphasis added).  Taking the facts in a light most favorable to Plaintiff, the Court assumes that Defendants' time and payroll records are inaccurate.

The Magistrate Judge astutely found that Plaintiff, however, has failed to identify any time during which she performed unpaid work resulting in FLSA overtime.  (ECF No. 67.)  The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Defendants met their burden by merely pointing to the absence of evidence supporting Plaintiff's case.  *See id*. at 325.

First, Plaintiff could neither "confirm nor deny" whether she was correctly paid for work during the majority of her shifts.  (ECF Nos. 41-5 at 19-32, Perez Dep. at 83:19-137:25; 41-6 at 1-18, Perez Dep. at 138:1-204:23.)  Not "confirming or denying" Defendants' payroll and time records does not create a disputed material fact because, in response to Defendants' proffer that she was properly compensated, Plaintiff has failed to carry her burden to move beyond her pleadings and to designate evidence which demonstrates such a dispute as to a material fact, *i.e.*, that she worked more than 40 hours for a specific week in which she did not receive adequate compensation.  *See Brown*, 700 F.3d at 1230; *see also 1-800-Contacts,* 722 F.3d at 1242. Plaintiff argued that she generally did not take time off for lunch.  (ECF No. 49 at 19-21.)  This is insufficient, as a matter of law, to create the necessary factual predicate to an FLSA claim. *See DiSantis v. Morgan Props. Payroll Servs., Inc.*, Case No. 09-6153, 2010 WL 3606267, at *14 (E.D.Pa. Sept. 16, 2010) (collecting cases under the FLSA in which a court entered summary judgment in favor of an employer defendant based upon a plaintiff's failure to produce evidence beyond bare allegations and vague undocumented estimates of work weeks exceeding 40 hours for which the plaintiff was not properly compensated); s*ee also Kolesnikow v. Hudson Valley*

15

*Hosp. Ctr.*, 622 F. Supp. 2d 98, 118-19 (S.D.N.Y. 2009) (granting summary judgment for an employer where the plaintiff testified that she "sometimes" worked an extra half hour but could not show that such hours would have caused her to exceed 40 hours of work in a given week for which she was not compensated).

Second, Plaintiff identified only two instances in which her payroll records were inaccurate:  February 16, 2011, and April 18, 2011.  (ECF Nos. 41-5 at 24, Perez Dep. at 104:8-105:23; 41-6 at 4, Perez Dep. at 146:2-25.)  Even if the Court were to assume Plaintiff worked 30 minutes during her lunch break for each day during those work weeks, Plaintiff's hours worked for each of those weeks would still not exceed 40 hours and thus entitle her to overtime compensation.  (ECF No. 41-9 at 2-3, 7, Defs'. Time Detail Reports for Perez.)  And despite Plaintiff's testimony that Defendants' payroll and time records are inaccurate (ECF No. 41-5 at 27, Perez Dep. at 112:1-114:8), Plaintiff did not present facts to the Court showing that she worked more than 40 hours in those weeks.

Third, Plaintiff's attempt to expand the scope of her Complaint is without merit.  Plaintiff's FLSA claim rested upon her not being paid for lunch breaks.  (ECF No. 16 ¶¶ 76, 78.)  Plaintiff's Complaint contained no allegation that she was not paid for time spent working after the end of her shift.  (*See generally* ECF No. 16.)  Vague or conclusory allegations will not suffice to state a claim because it violates the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as it does not provide fair notice to Defendants.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff did not file an objection to the Recommendation's holding that her Complaint contained no allegations concerning post-shift work which resulted in unpaid overtime (ECF No. 67 at 20-21).

16

(*See generally* ECF No. 68.)  Further, Plaintiff did not file an objection to the Recommendation's holding that permitting an amendment to the Complaint to contain such an allegation would make the Complaint a moving target, and therefore, the Magistrate Judge properly declined to credit such an allegation (ECF No. 67 at 21-22).  (*See generally* ECF No. 68.)

Plaintiff's objection misses the predicate issue addressed by *Mt. Clemens*.  Plaintiff concerns herself with the amount of damages, but she fails to identify the existence of Defendants' liability, *i.e.*, that she performed work for which she was improperly compensated in a specific week.  (ECF No. 68 at 14 n.8.)  The Eighth Circuit Court of Appeals recently emphasized this point when holding that *Mt. Clemens* does not relieve a plaintiff of the burden of demonstrating the *existence of liability* in the form of actual damages.  *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406-07 (8th Cir. 2013).  Plaintiff's argument that she establishes the existence of liability based upon her statement that she "generally" worked through each shift's meal break and therefore would have worked unpaid overtime for those weeks where "she worked at or near 40 hours" (ECF No. 68 at 14 n.8) is unconvincing on three levels.  First, as described before, Plaintiff's generalized testimony is insufficient to create a disputed material fact as a matter of law.  *See DiSantis*, 2010 WL 3606267, at *14; *see also Kolesnikow*, 622 F. Supp. 2d at 118-19.  Second, Plaintiff fails to identify those weeks to which such calculations would apply and it is not the Court's obligation to make Plaintiff's factual arguments for her.  *See Mitchell*, 218 F.3d at 1199.  Third, Plaintiff fails to establish facts that show she was not paid for overtime in those weeks at which, according to her calculations, "she worked at or near 40 hours."

Therefore, the Court overrules Plaintiff's objection and adopts the Recommendation as to the merits of Plaintiff's FLSA claim.  The Court holds that Plaintiff has failed to show that Defendants violated the FLSA by not compensating her for overtime worked.

## IV.    CONCLUSION

Based upon the foregoing, the Court:

(1)      OVERRULES, in part, Plaintiff's objections (ECF No. 68), to wit, the Court overrules Plaintiff's objection with respect to the merits of her FLSA claim and sustains Plaintiff's objection with respect to the justiciability of her FLSA claim;

(2)      OVERRULES Defendants' objection (ECF No. 69);

(3)      ADOPTS, in part, the Recommendation (ECF No. 67), to wit, the Court adopts the Recommendation with respect to the merits of Plaintiff's FLSA claim and not with respect to the justiciability of her FLSA claim; and

(4)      GRANTS Defendants' motion for summary judgment (ECF No. 41).

The Court directs the Clerk of the Court to enter JUDGMENT in Defendants' favor.

DATED this 4th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge